CAROLINE SPITZ v. FOURTH NATIONAL BANK.

BILLS AND NOTES. *Consideration. Married women.* Mrs. S., a *feme covert*, executed a note to a bank, with C. and B. as endorsers. After the death of her husband, Mrs. S. executed a renewal note with C. and B. as endorsers. *Held*, she was liable upon the renewal note.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. N. BAXTER, J.

M. C. GOODLETT for Spitz.

WILKIN & CHAMBERLIN for Bank.

McFARLAND, J., delivered the opinion of the court.

This action was brought by the bank against Mrs. Caroline Spitz and the firm of Cline & Bernham, upon a note made by Mrs. Spitz, on the 26th of April, 1875, payable ninety days after date, to her own order, for $310, and endorsed by herself and said firm of Cline & Bernham.

The defense of Mrs. Spitz was, that the note was made in renewal of a previous note for $300, of date 26th of February, 1875, made by herself, payable to said firm of Cline & Bernham, and endorsed by them, and that at the time of the making the note of the 26th of February, she was a *jeme covert*, and that she did not receive the proceeds of either of said notes. She further alleges as a defense, that she was induced to sign the note sued upon by the fraud of Cline &

Bernham; but the proof fails to show any facts amounting to a fraud, and the charge in this respect being correct, there is, upon this question, no ground for reversal.

The principal ground relied upon for reversal, however, is the first named. Upon this question the judge said to the jury, that "if Mrs. Spitz was a married woman when she executed the first note, it would be void as to her, but if her husband had died and she was a *feme sole* at the execution of the last note, she would be bound on it regardless of who got the benefit of the note, or to what use it was applied."

This proposition must be taken in connection with the following: "And if the bank held a note signed by Cline & Bernham, and by the defandant, and they surrendered that note in consideration of the note now sued on, that would be a valuable and sufficient consideration to support the note now sued on, although the note surrendered was void as against the defendant, it being valid as against Cline & Bernham." It being conceded that the first note was endorsed by Cline & Bernham, and it being alleged by the defendant as the ground of her decree, that said note, at its maturity was surrendered, and the note sued on running ninety days, accepted in renewal, it results that the question presented by these facts, was whether the surrender of the first note was a valuable consideration for the execution by Mrs. Spitz of the second note, and so the charge of the judge must be understood. Although the first note was void as to Mrs. Spitz, yet the endorsers, Cline & Bernham, were undoubtedly

bound to the bank by their endorsement. At the maturity of the note, the bank therefore, although it had no right against Mrs. Spitz, had a right to proceed immediately to collect the note from the endorsers, Cline & Bernham. This right they surrendered, and accepted a new note due at ninety days. The surrender of this right was a valuable consideration to support the new note, not only against Cline & Bernham, but also against any one who might choose voluntarily, and for their accommodation, to join them in its execution. It is not asserted that the consideration should move to all the makers of the note; indeed, it is not asserted that it should move to any of them. Any forbearance of a right by the party to whom the promise is made, will, in general, be sufficient to support any promise which may be voluntarily assumed in consideration thereof: *Randall* v. *Harris & Murry*, 6 Yerg., 508; 7 Yerg., 24; 2 Hum., 335; 5 Yerg., 195. We think, therefore, as thus understood, there is no error in the charge.

The case does not present the question, whether if the first note had been the note of Mrs. Spitz alone, executed while she was a *feme covert*, its surrender would be a good consideration for a new note executed by her after she became a *feme sole*, and we therefore express no opinion in regard thereto. Nor need we express any opinion as to the respective rights of Mrs. Spitz and Cline & Bernham, as between themselves. The only question here, being whether Mrs. Spitz is liable to the bank.

The judgment will be affirmed.